Filing # 49539714 E-Filed 12/02/2016 10:17:49 AM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

| | |
|---|---|
| JEFFERY MARCUS GRAY, an individual, | Case No. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| WAYNE IVEY, in his official capacity as Sheriff of Brevard County, Florida; and BRIAN STOLL, individually, | |
| Defendants. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, JEFFERY MARCUS GRAY, (the "Plaintiff"), by and through the undersigned Counsel, and sues WAYNE IVEY ("Sheriff Ivey"), in his official capacity as Sheriff of Brevard County, Florida; and BRIAN STOLL ("Detective Stoll"), individually (collectively, the "Defendants"), and alleges the following:

**JURISDICTION AND VENUE**

1. This is an action for damages in excess of $15,000.00, exclusive of costs, interest, and attorney fees, and is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and Florida law.

2. Venue in this court is proper. All events giving rise to the Plaintiff's claim occurred in Brevard County, Florida.

3. Plaintiff provided Sheriff Ivey and the Florida Department of Financial Services, Division of Legal Services, pre-suit notice via written letter dated January 8, 2016, pursuant to FLA. STAT. §768.28.

4. Plaintiff has retained the undersigned Counsel and agreed to pay a reasonable fee and costs in connection with this litigation.

## PARTIES

5. At all times material hereto, Plaintiff was a private individual, citizen and resident of Saint Johns County, Florida. Plaintiff is a freelance journalist who publishes audio/video reportage for "Photography is not a Crime," a nationwide news service, and "HonorYourOath," a YouTube channel that posts investigative journalism videos.

6. At all times material hereto, Sheriff Ivey exercised overall responsibility for the policies, training, instruction, supervision, customs, practices, policies, discipline, control and conduct of all law enforcement officers employed by the Brevard County Sheriff's Office ("BCSO"). Sheriff Ivey made policy for the BCSO with respect to searches, seizures and arrests. At all times material hereto, Sheriff Ivey had the power, right and duty to train and control its officers, agents and employees to conform to the Constitution of the United States. At all times material, hereto, Sheriff Ivey, and its agents and employees, acted under color of state law. Plaintiff sues Sheriff Ivey for compensatory damages and costs.

7. At all times material hereto, Detective Stoll was acting under color of state law as a sworn BCSO officer and, in such capacity as an agent, servant, and employee of Sheriff Ivey and BCSO. Plaintiff sues Detective Stoll in his individual capacity for compensatory damages, punitive damages, costs and attorney fees.

## GENERAL ALLEGATIONS

8. On or about the afternoon of Wednesday, October 23, 2013, Detective Stoll arrested Plaintiff for trespassing and failing to leave the property upon a warning by the owner, a first-degree misdemeanor, pursuant to FLA. STAT. § 810.09(2). Plaintiff was additionally charged

with two counts of resisting an officer without violence, a first-degree misdemeanor, pursuant to FLA. STAT. § 843.02. This was a seizure for purposes of the Fourth Amendment to the United States Constitution.

9. Plaintiff was passing through Brevard County on the way home from a trip to Miami and stopped when he saw a traffic stop on West King Street in unincorporated Cocoa, Florida.

10. Plaintiff parked in vehicle in an adjacent parking lot and exited his vehicle to document the traffic stop with audio/video cameras. Plaintiff made sure that by standing approximately thirty (30) feet away he was not interfering with the duties of BCSO Deputy Brett Cook ("Cook") who was carrying out the traffic stop.

11. At all times, Plaintiff posed no immediate threat to the safety of Cook or others.

12. Cook requested back up while he conducted the traffic stop and undercover officers of the BCSO arrived on the scene.

13. Detective Stoll then arrived on scene and asked Plaintiff to move further away from the scene of the traffic stop. Plaintiff obliged and moved further away.

14. While Plaintiff continued to audio/video-record the scene, Stoll contacted Ms. Cindy Flachmeier, the owner of the property on which Plaintiff had parked his vehicle and on which Plaintiff was standing. Stoll induced Ms. Flachmeier to demand that Plaintiff be removed from the property.

15. Detective Stoll then demanded that Plaintiff immediately leave the parking lot premises.

16. Plaintiff at once made his way off the private property and moved onto the public pavement, in front of the scene of the traffic stop and explained to Stoll that Plaintiff's wife would move the vehicle away from the private parking lot.

17. Without any provocation, Stoll then physically struck Plaintiff arm, knocking a camera out of his hands and breaking it. Stoll then arrested Plaintiff for trespassing, even though Plaintiff had vacated the private property and was standing on public property.

18. At all times material, Plaintiff did not resist while being arrested and maintained a peaceful demeanor.

19. At all times material, Defendants lacked probable cause to effectuate the arrest.

20. The State Attorney's Office declined to file an information against Plaintiff.

## COUNT I
### Plaintiff vs. Detective Stoll, Individually
### Fourth Amendment Claim – 42 U.S.C. §§ 1983, 1988

21. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty (20) above, as though fully set forth herein.

22. Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 against Detective Stoll in his individual capacity for deprivation of civil rights under color of state law.

23. Detective Stoll, individually deprived Plaintiff of his Fourth Amendment right to be free from unreasonable search and seizures.

24. Detective Stoll, individually, arrested Plaintiff without probable cause, or even arguable probable cause, to believe that Plaintiff had committed the crime of trespassing after failing to leave property upon warning by the owner.

25. Detective Stoll's conduct was objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

26. As a direct and proximate result of Detective Stoll's conduct, Plaintiff suffered non-economic damages, including loss of liberty and freedom, mental anguish, and emotional distress.

27. As a direct and proximate result of Detective Stoll's conduct, Plaintiff incurred economic damages, as well.

28. Plaintiff has agreed to pay the undersigned a reasonable fee for legal services.

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

   a. Compensatory damage, including general and specific damages;

   b. Punitive damages;

   c. Costs;

   d. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

   e. Trial by jury as to all issues so triable; and

   f. Such other and further relief as this Honorable Court deems just and appropriate.

### COUNT II
### Plaintiff vs. Sheriff Ivey, in his Official Capacity
### False Arrest Claim under Florida Law

29. Plaintiff realleges and incorporates by reference paragraphs one (1) through twenty (20) above, as though fully set forth herein.

30. Detective Stoll directly and proximately caused Plaintiff's arrest or detention in the absence of probable cause to believe that Plaintiff had committed any criminal offense. The

actions of Detective Stoll, in causing the arrest or detention of Plaintiff, were taken in the absence of lawful authority.

31. Alternatively, the actions of Detective Stoll were taken in absence of reasonable suspicion that Plaintiff had committed, was committing, or was about to commit any criminal offense.

32. The actions of Detective Stoll constitute false arrest under Florida law.

33. Detective Stoll committed the false arrest of Plaintiff in the course and scope of his employment as BCSO Officer.

34. As a direct and proximate result of Detective Stoll's conduct, Plaintiff suffered non-economic damages, including loss of liberty and freedom, mental anguish, and emotional distress.

35. As a direct and proximate result of Detective Stoll's conduct, Plaintiff incurred economic damages, as well.

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

    a. Compensatory damage, including general and specific damages;

    b. Costs;

    c. Trial by jury as to all issues so triable; and

    d. Such other and further relief as this Honorable Court deems just and appropriate.

### COUNT III
### (Alternative to Count II)
### Plaintiff vs. Detective Stoll, Individually
### False Arrest Claim under Florida Law

36. Plaintiff re-alleges and incorporates by reference paragraphs one (1) though twenty (20) above, as though fully set forth herein.

37. Detective Stoll directly and proximately caused Plaintiff's arrest or detention in the absence of probable cause to believe that Plaintiff had committed any criminal offense. The actions of Detective Stoll, in causing the arrest or detention of Plaintiff, were taken in the absence of lawful authority.

38. Alternatively, the actions of Detective Stoll, were taken in the absence of reasonable suspicion that Plaintiff had committed, was committing, or was about to commit any criminal offense.

39. The actions of Detective Stoll constitute false arrest of Plaintiff under Florida law.

40. Alternatively to the allegations set forth in Count II, if the arrest or detention of Plaintiff by Detective Stoll was committed outside the course and scope of his employment, or in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, the conduct of Detective Stoll occurred in his individual capacity.

41. As a direct and proximate result of Detective Stoll's conduct, Plaintiff suffered non-economic damages, including loss of liberty and freedom, mental anguish, and emotional distress.

42. As a direct and proximate result of Detective Stoll's conduct, Plaintiff incurred economic damages, as well.

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

    a.    Compensatory damage, including general and specific damages;

    b.    Cost;

    c.    Trial by jury as to all issues so triable; and

d.  Such other and further relief as this Honorable Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

43.  Plaintiff demands a trial by jury on all issues so triable as of right.

Submitted: December 2, 2016.                    **THE BONDERUD LAW FIRM, P.A.**

*/s/ Andrew M. Bonderud*
Andrew M. Bonderud, Esq.
Florida Bar No. 102178
301 W. Bay St. #1433
Jacksonville, FL 32202
904-438-8082 (Office)
904-800-1482 (Facsimile)
BonderudLaw@gmail.com
*Counsel for the Plaintiff*