UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFERY MARCUS GRAY,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No:　6:17-cv-118-Orl-37GJK

WAYNE IVEY, in his official capacity as
Sheriff of Brevard County, Florida; and
BRIAN STOLL,

      Defendants.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S SECOND MOTION TO STRIKE DEFENDANT IVEY'S SIXTH AFFIRMATIVE DEFENSE AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 12)** |
| **FILED:** | February 16, 2017 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

On January 24, 2017, this action was removed from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County. Doc. No. 1. In the Complaint, Plaintiff alleges claims against Defendants Wayne Ivey, in his official capacity as Sheriff of Brevard County, and Brian Stoll. Doc. No. 2. In Count II, Plaintiff alleges a claim for false arrest against Sheriff Ivey. *Id.* at 5-6. On January 27, 2017, Defendants filed their Answer and Affirmative Defenses. Doc. No. 3. As the Sixth Affirmative Defense, "Defendant Sheriff asserts that as to the state law arrest claim in Count II, to the extent that discretionary governmental actions are implicated, he is immune

from liability under principles of sovereign immunity and separation of powers." *Id.* at ¶ 29. On February 16, 2017, Plaintiff filed his Second Motion to Strike Defendant Ivey's Sixth Affirmative Defense and Incorporated Memorandum of Law (the "Motion").[1] Doc. No. 12. On February 17, 2017, Defendant Sheriff filed his response to the Motion. Doc. No. 15.

"'[A]n affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters.'" *VP Props. & Devs., LLP v. Seneca Specialty Ins. Co.*, 645 F. App'x 912, 916 (11th Cir. 2016) (quoting *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989)).[2] Federal Rule of Civil Procedure 12(f) governs the sufficiency of affirmative defenses. The Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id*. Courts have wide discretion in passing on a motion to strike. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). Motions to strike are generally disfavored, and they "will be denied unless the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." *Ayers v. Consol. Constr. Servs. of SW Fla., Inc.*, No. 2:07-cv-123-FtM-29DNF, 2007 WL 4181910, at *1 (M.D. Fla. Nov. 26, 2007). "An affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). If "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Id.*

---

[1] Plaintiff's original motion to strike the Sixth Affirmative Defense was denied without prejudice for failing to comply with Local Rule 3.01(g). Doc. Nos. 9, 11.

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

Plaintiff argues that the Sixth Affirmative Defense should be stricken because sovereign immunity is not a defense to a false arrest claim based on lack of probable cause under Florida law. Doc. No. 12 at 3; *see Lester v. City of Tavares*, 603 So. 2d 18, 19 (Fla. 5th DCA 1992) ("There is no sovereign immunity for false arrest . . . ."); *Jessup v. Miami-Dade Cty.*, 440 F. App'x 689, 693 (11th Cir. 2011) (sovereign immunity is not an available defense to city in action for false arrest claim under Florida law). Defendant Sheriff concedes "that he does not enjoy sovereign immunity from a state law claim of false arrest that is *solely* based on the assertion of lack of probable cause." Doc. No. 15 at 2 (emphasis in original).

Defendant Sheriff argues that the Sixth Affirmative Defense should not be stricken because there is a possibility that an issue regarding the exercise of discretionary authority, to which sovereign immunity does apply, will arise at some point in this proceeding. *Id.* at 2-3. As the pleadings now stand, however, the basis for the false arrest claim in Count II is that the officer lacked probable cause. Doc. No. 2 at ¶ 30. Thus, sovereign immunity is not a defense, and the Sixth Affirmative Defense is both insufficient and immaterial.

Sheriff Ivey also argues that the Sixth Affirmative Defense does not prejudice Plaintiff "by unnecessary or gratuitous complication of the case . . . ." Doc. No. 15 at 3-4. Prejudice is only one basis for striking a pleading, however. *Reyher*, 881 F. Supp. at 576 ("a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, *or* otherwise prejudice a party." (emphasis added)). As the Sixth Affirmative Defense has no possible relationship to the controversy, it is not saved from being stricken by allegedly not prejudicing Plaintiff.

Based on the forgoing, it is **RECOMMENDED** that the Court **GRANT** the Motion (Doc. No. 12) and strike the Sixth Affirmative Defense.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida, on April 3, 2017.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy