UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFERY MARCUS GRAY,

    Plaintiff,

v.                                      CASE NO.:   6:17-cv-118-Orl-37GJK

WAYNE IVEY, in his capacity as
Sheriff of Brevard County, Florida;
and BRIAN STOLL, individually,

    Defendants.
_____/

## OBJECTION BY DEFENDANT SHERIFF
## TO REPORT AND RECOMMENDATION

Defendant WAYNE IVEY, in his official capacity as Sheriff of Brevard County, Florida, by and through undersigned counsel, respectfully objects to the Report and Recommendation (Doc. 25) as to Plaintiff's Second Motion to Strike Defendant Sheriff's Sixth Affirmative Defense (Doc. 12).

    1.    The basis for the objection is that the Report and Recommendation misinterprets the pleading significance of those allegations in the Complaint that justify assertion of the subject Sixth Affirmative Defense regarding discretionary governmental activity.

    2.    Specifically, the allegations in the Complaint that "Sheriff Ivey had the power, right and duty *to train and control* its officers, agents and employees to conform

to the Constitution of the United States." (Doc. 2, p. 2, ¶ 6) (emphasis added), as well as the allegations regarding Defendant Stoll's contact with the property owner, justify the Sixth Affirmative Defense that is the subject of the Motion to Strike at this pre-discovery stage of the case (see Defendant Sheriff's reply memorandum at pp. 2-3, Doc. 15).

3. These allegations are adequate to potentially implicate discretionary governmental activity which would be immune from liability under state law, as stated in the subject Sixth Affirmative Defense, and thus do have a possible relationship to the controversy, and will not confuse the issues or cause unfair prejudice at this stage of the proceedings. *Ayers v. Consol. Constr. Servs. of SW Fla., Inc.*, No. 2:07-cv-123-FtM-29DNF, 2007 WL 4181910 (M.D. Fla. Nov. 26, 2007).

4. Further support for this Objection is the amendment deadline in the Case Management Order of April 21, 2017 (Doc. 18), and the potentially heavy burden that would have to be shouldered by Defendant Sheriff to support a request to amend after that deadline to assert said affirmative defense, if evidentiary justification for said defense emerges as the case evolves.

5. Also, for purposes of clarification of position, while it is true that Defendant Sheriff agreed in the reply to the Motion to Strike that he does not enjoy sovereign immunity from a state law false arrest claim (meaning *complete immunity* from liability), Defendant Sheriff would still be entitled to the limitations on judgment as per Section 768.28(5), Florida Statutes as to the state law false arrest claim, see Defendant Sheriff's Third Affirmative Defense (Doc. 3), and did not intend to imply abandonment

of that defense.

Respectfully submitted,

/s/ D. Andrew DeBevoise
D. ANDREW DeBEVOISE
Florida Bar No.: 0281972
Email: *debevoise@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 407-673-5059
Attorneys for Defendants Sheriff and Stoll

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __17th__ day of April, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Andrew M. Bonderud, Esquire** (*BonderudLaw@gmail.com*), The Bonderud Law Firm, P.A., 301 W. Bay Street, #1433, Jacksonville, Florida 32202.

/s/ D. Andrew DeBevoise
D. ANDREW DeBEVOISE
Florida Bar No.: 0281972
Email: *debevoise@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 407-673-5059
Attorneys for Defendants Sheriff and Stoll