UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY MARCUS GRAY,

    Plaintiff,

v.                                                      Case No. 6:17-cv-118-Orl-37GJK

WAYNE IVEY; and BRIAN STOLL,

    Defendants.
_____

## ORDER

On February 16, 2017, Plaintiff moved to strike Defendant Wayne Ivey's ("**Sheriff Ivey**")[1] sixth affirmative defense. (Doc. 12 ("**Motion to Strike**").) After Sheriff Ivey responded (Doc. 15), U.S. Magistrate Judge Gregory J. Kelly issued a Report recommending that the Court grant the Motion to Strike (Doc. 25 ("**R&R**")). Defendant objected to the R&R (Doc. 26 ("**Objection**")), and Plaintiff responded to the Objection (Doc. 27). For the reasons set forth below, the Objection is due to be overruled, the R&R adopted, and the Motion to Strike granted.

### I.    PROCEDURAL HISTORY

In this action, Plaintiff alleges that police officer Brian Stoll ("**Officer Stoll**") unlawfully arrested Plaintiff for the crime of trespassing and failing to leave private property after warning by the property owner. (Doc. 2, ¶ 8.) In the Complaint, Plaintiff asserts claims against Defendants for false arrest under Florida law and Fourth

---

[1] Mr. Ivey is Sheriff of Brevard County, Florida. (Doc. 2, p. 1; Doc. 3, p. 1.)

-1-

Amendment violations under 42 U.S.C. §§ 1983 and 1988. (Doc. 1.) Germane to the instant Order is Count II of the Complaint, which asserts a state law false arrest claim against Sheriff Ivey based on a theory of vicarious liability for Officer Stoll's alleged actions—namely, the arrest or detention of Plaintiff without probable cause or reasonable suspicion. (Doc. 2, ¶¶ 29–35 ("**Count II**").) In his sixth affirmative defense to the Complaint, Sheriff Ivey claims entitlement to sovereign immunity "to the extent that discretionary governmental actions are implicated" in Count II. (Doc. 3, ¶ 29 ("**Sixth AD**").)

On February 16, 2017, Plaintiff moved to strike Sheriff Ivey's Sixth AD on the ground that there is no sovereign immunity for a false arrest claim under Florida law. (Doc. 12.) In his response, Sheriff Ivey points the Court to allegations in the Complaint that he contends are "pregnant with the possibility that something more than the simple issue of the presence or absence of probable cause for the arrest of Plaintiff might end up being in play as to [Count II]." (Doc. 15, pp. 3–4.) Specifically, the response highlights the allegations that: (1) at all material times, "Sheriff Ivey had the power, right[,] and duty to train and control its officers, agents[,] and employees to conform to the Constitution of the United States" (Doc. 2, ¶ 6); and (2) Officer Stoll induced the property owner to demand that Plaintiff be removed from the property (*id.* ¶ 14). (Doc. 15, pp. 3–4.) Sheriff Ivey argues that these allegations may leave room for future arguments concerning: (1) issues as to the type or frequency of training, which he maintains "flirt with notions of discretionary governmental functions"; and (2) Officer Stoll's decision to contact the property owner, which he also maintains was a discretionary government function

immune from tort liability (collectively, "**Discretionary Allegations**"). (*Id.*)

On April 3, 2017, Magistrate Judge Kelly issued an R&R recommending that the Court grant the Motion to Strike. (Doc. 25.) In doing so, Magistrate Judge Kelly reasoned that: (1) sovereign immunity is not a defense to a state law false arrest claim based solely on the assertion of lack of probable cause; (2) "[a]s the pleadings now stand, . . . the basis for the false arrest claim in Count II is that [Officer Stoll] lacked probable cause"; and (3) based on the foregoing, the Sixth AD "has no possible relationship to the controversy." (*Id.* at 3.)

Sheriff Ivey's Objection largely repeats the arguments made in response to the Motion to Strike. (Doc. 26.) The gist, however, is that: (1) the Discretionary Allegations may "potentially implicate discretionary governmental activity which would be immune from liability under state law"; and, therefore, (2) the Sixth AD has a possible relationship to the controversy. (*Id.* at 2.) Plaintiff counters that: (1) because R&R is well reasoned, it should be adopted as drafted; (2) sovereign immunity is not a bar to a claim for false arrest; and (3) the allegations in Count II are based on Officer Stoll's actions in arresting Plaintiff without probable cause within the course and scope of the officer's employment under Sheriff Ivey and not due to any alleged failure to train and supervise law enforcement officers. (Doc. 27.) As the matter has now been fully briefed, it is ripe for the Court's resolution.

## II. LEGAL STANDARDS

### A. Report and Recommendations

When a party objects to a magistrate judge's findings, the district court must

"make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

### B. Motions to Strike

Under Federal Rule of Civil Procedure 12(f), a district court may strike an insufficient defense from a pleading. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). "An affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove." *Id.* Generally, courts do not strike pleadings under Rule 12(f) "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.*

### III. ANALYSIS

In Florida, the tort of false arrest "is defined as the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty." *Escambia Cty. Sch. Bd. v. Bragg*, 689 So. 2d 571, 572 (Fla. 1st DCA 1996). "A police officer is invested with discretion to decide whether to arrest, or not to arrest, a person who is properly the subject of an arrest"; thus, "[f]or

-4-

discretionary immunity to attach, the governmental agency must possess the requisite legal authority to do the act." *Lester v. City of Tavares*, 603 So. 2d 18, 19 & n.4 (Fla. 5th DCA 1992). "Nevertheless, a police officer does not have the discretionary authority to arrest a citizen whom the officer does not have probable cause to believe has committed an offense. This is why there is a body of law in Florida recognizing liability for false arrest by a law enforcement officer." *Id.* at 19.

Pursuant to this distinction, it logically follows that, under Florida law, "[t]here is no sovereign immunity for false arrest." *Lester v. City of Tavares*, 603 So. 2d 18, 19 (Fla. 5th DCA 1992); *accord Jessup v. Miami-Dade Cty.*, 440 F. App'x 689, 693 (11th Cir. 2011)[2] ("Under Florida law, a city is liable for a false arrest claim based upon the actions of its officers. A city may not rely on the defense of sovereign or qualified immunity under Florida law"); *Andrews v. Fla. Parole Comm'n*, 768 So. 2d 1257, 1266 (Fla. 1st DCA 2000) ("Sovereign immunity is not a bar to a claim for false arrest); *Thomas v. Fla. Game & Fresh Water Comm'n*, 627 So. 2d 541, 542 (Fla. 2d DCA 1993) (same).

Notwithstanding Sheriff Ivey's argument concerning the Discretionary Allegations, a claim for false arrest based on the absence of probable cause leaves no room to infer the existence of a discretionary function because "a police officer does not have the discretionary authority to arrest a citizen [without probable cause]." *See Lester*, 603 So. 2d at 19. The Court's review of the Complaint reveals that the lack of probable cause to arrest (or reasonable suspicion to detain) is the sole basis for the false arrest claim

---

[2] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2.

asserted in Count II.³ Therefore, Sheriff Ivey's Sixth AD is foreclosed as a matter of law and will be stricken.

IV. CONCLUSION

Having conducted an independent, de novo review of the portions of the record to which Sheriff Ivey objected, the Court agrees with the findings and conclusions set forth in the R&R. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Objection by Defendant Sheriff to Report and Recommendation (Doc. 26) is **OVERRULED**.

2. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 25) is **ADOPTED, CONFIRMED**, and made a part of this Order.

3. Plaintiff's Second Motion to Strike Defendant Ivey's Sixth Affirmative Defense and Incorporated Memorandum of Law (Doc. 12) is **GRANTED**.

4. The Sixth Affirmative Defense in Defendant's Answer (Doc. 3, ¶ 29) is **STRICKEN**.

5. Plaintiff's false arrest claim will be limited at trial to the absence of probable cause as presently alleged in Count II.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 27, 2017.

---

³ Moreover, in light of his insistence that Count II is premised on the lack of probable cause alone, Plaintiff is now bound by this representation and may not argue otherwise going forward.



Copies to:
Counsel of Record